IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RUSSELL TODD MATHIS,

  Petitioner,

vs.

ANTHONY HAYNES,

  Respondent.

CIVIL ACTION NO.: CV210-060

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Russell Todd Mathis ("Mathis"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Mathis' petition should be **DISMISSED**.

### DISCUSSION AND CITATION TO AUTHORITY

Mathis asserts that the United States District Court for the Middle District of Alabama ordered that he be awarded 315 days' credit toward his sentence and that the Bureau of Prisons has not honored this order. Respondent contends that Mathis has been granted 320 days' credit toward his sentence, and his petition should be dismissed as moot.

Under Article III, Section 2 of the Constitution, jurisdiction of the federal courts to entertain a petition for habeas corpus requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an

AO 72A
(Rev. 8/82)

actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). "A [claim] is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." See Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993).

As the only relief Mathis requests—to be awarded 315 days' credit—has been granted, his petition is moot and should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mathis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)